UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
HENRY A. ROJAS, on behalf of himself and
all others similarly situated,

                Plaintiffs,

    v.

LAW OFFICES OF CLARFIELD, OKON,
SALOMONE & PINCUS, P.L. and OCWEN
LOAN SERVICING, LLC,

                Defendants.
--------------------------------------------------------X

Civil Action No.

**CLASS ACTION
COMPLAINT**

**NO JURY TRIAL
DEMANDED**

      Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against the Defendants, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendants, Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. ("Clarfield") and Ocwen Loan Servicing, LLC ("Ocwen") collectively (the "Defendants") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that Clarfield and Ocwen's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or

1

unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993)

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District;
    b. Defendants do business within this District; and
    c. Plaintiff resides within this District.

## **PARTIES**

7. Plaintiff, Henry A. Rojas, is an individual natural person who at all relevant times resided in the City of Valley Stream, County of Nassau, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Clarfield, at all times relevant hereto, is and was a Professional Service Limited Liability Company regularly engaged in the business of collecting debts within this state with offices located at 425 RXR PLZ Uniondale, NY 11556.

10. The principal purpose of Clarfield is the collection of debts using the mail and telephone.

11. Clarfield regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Clarfield, according to their website, represents clients in collections and provides default services for clients.

13. Clarfield is regularly engaged in the business of foreclosing on security deeds and collecting on defaulted promissory notes for mortgage servicers and other entities.

14. Clarfield is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

15. Defendant, Ocwen, at all times relevant hereto is and was a limited liability company, with its principal business offices located at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

16. Ocwen regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default.

17. Ocwen is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

18. Ocwen is vicariously liable for Clarfield's conduct. Debt collectors employing attorneys or other agents to carry out debt collection practices that violated the FDCPA are vicariously liable for their agents conduct. See Pollice v. Nat'l Tax Funding, LP 225 F.3d, 379, 405 (3rd Cir. 2000) ("We believe this is a fair result because an entity that is itself a "debt collector" - and hence subject to the FDCPA - should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf.)

## FACTS

19. On or about December 2004, the Plaintiff allegedly incurred a debt (the "Debt" or "Mortgage Loan").

20. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal mortgage loan on the Plaintiff's primary residence.

21. The Mortgage Loan is a "debt" as defined by 15 U.S.C. §1692a(5).

22. The Mortgage Loan went into default in August 2011 by virtue of the Plaintiff failing to tender the required monthly payment. Upon information and belief the last payment on the Mortgage Loan was made on June 29, 2011.

23. Ocwen formally took over servicing of the Mortgage Loan on February 18, 2013, while the Mortgage Loan was in default, for the purpose of facilitating collection of such debt for another entity.

24. At all times relevant to this Complaint, Ocwen was a "debt collector" as defined by the FDCPA as it pertains to its relationship with the Plaintiff because Ocwen began servicing the Mortgage Loan when the Mortgage Loan was in default.

25. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to April 2015, Ocwen either directly or through intermediate transactions assigned, placed or transferred the Debt to Clarfield for collection.

26. On or about April 13, 2015, Clarfield sent a letter to Plaintiff seeking to collect the Debt. (Annexed and attached hereto as Exhibit A is a copy of the letter dated April 13, 2015 sent by Clarfield to the Plaintiff)

27. In sending the letter attached as Exhibit A, Clarfield was acting in the scope of their authority as Ocwen's agent.

28. Ocwen exercised control or had the right to exercise control over the collection activities of Clarfield. Ocwen in placing Plaintiff's debt with Clarfield and communicating or

alternatively, failing to communicate certain details relating to Plaintiff's debt caused Clarfield to send the letter attached as Exhibit A to Plaintiff in violation of the FDCPA.

29. Exhibit A was sent by Clarfield at the direction and request of Ocwen.

30. The Plaintiff received and reviewed the letter attached as Exhibit A.

31. Exhibit A seeks to collect the Mortgage Loan. Exhibit A states in bold letters "**This communication is for the purpose of collecting a debt**".

32. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

33. Exhibit A states in relevant part:

Our office has been retained to commence legal proceedings to foreclosure the mortgage on your property located at 12 Darewood Ln, Valley Stream, NY 11581

1. **The unpaid principal balance of the debt is $318,842.64**. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown therein, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, please contact the law firm listed below. (see Exhibit A)

34. Exhibit A represents Clarfield's the initial collection "communication" with the consumer as "communication" is defined by the FDCPA.

35. Plaintiff did not receive any other document from Clarfield purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

36. Upon information and belief, based on the content of Exhibit A, that was the only document Clarfield sent purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

37. Exhibit A fails to provide the disclosures required by 15 U.S.C. §1692g(a)(1) because the disclosure only listed the unpaid principal balance of the Debt and not the total amount of the Debt owed and Clarfield failed to provide Plaintiff with such disclosures within five (5) days thereafter.

38. Clarfield's collection practice is a high volume practice.

39. Clarfield's debt collection practice is largely automated and utilizes standardized form letters.

40. Clarfield, as a matter of pattern and practice, mail or send, or cause to be mailed or sent, communications to alleged debtors that fail to provide the disclosure required by 15 U.S.C. §1692g(a)(1).

41. Documents in the form represented by Exhibit A are regularly sent by Clarfield to collect delinquent or defaulted mortgage debts that are serviced by Ocwen.

42. Exhibit A is a standardized form letter which Clarfield uses for the purpose of attempting to comply with 15 U.S.C. §1692g, which was sent, or caused to be sent, over the course of the past year by Clarfield to hundreds of New York consumers from whom Clarfield attempted to collect a defaulted mortgage debt that was serviced by Ocwen.

## CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

44. The conduct of the Defendants in this case violates 15 U.S.C. §§1692, 1692e, 1692e(10), 1692g, 1692g(a)(1).

45. The FDCPA at Section 1692e provides:

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

   **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer**

46. The FDCPA at Section 1692g provides:

   **(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --**

   **(1) the amount of the debt;**

47. The Defendants violated §1692g(a)(1) because the letter attached as Exhibit A, as well as letters sent to the putative class members, did not state the "the amount of the debt" as required by the FDCPA. Exhibit A listed only the unpaid principal balance due on the Mortgage Loan. The unpaid principal balance is not the "amount of the debt", it is only a part of the debt. 15 U.S.C. §1692g(a)(1) requires the "amount of the debt" to be stated in the initial letter. This requires the entire amount of the debt including interest and other

7

charges, at the time a collection demand is sent to be stated. Upon information and belief "the amount of the debt", including interest and other charges, as of the date of the letter annexed as <u>Exhibit A</u> was approximately $440,972.00 not $318,842.64 as was listed in <u>Exhibit A</u>. The amount of the debt, including unpaid principal, interest, and other charges, as of the date of the letter is information that is readily available to Ocwen.

48. The Seventh Circuit Court of Appeals examined a similar question where a collection letter provided the unpaid principal balance rather than the total debt due. See <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC</u>, 214 F. 3d 872 (7th Cir. 2000). Therein, Chief Judge Posner reasoned that:

> "<u>the unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt</u> (emphasis added). . . It is no excuse that it was `impossible' for the Defendants to comply when as in this case the amount of the debt changes daily. What would or might be impossible for the Defendants to do would be to determine what the amount of the debt might be at some future date if for example the interest rate in the loan agreement was variable. What they certainly could do was to state the total amount due — interest and other charges as well as principal — on the date the dunning letter was sent. We think the statute required this."

49. Other courts have also held that only stating the unpaid principal balance owed or only a portion of the total debt actually owed is a violation of 15 U.S.C. §1692g(a)(1). *See ,* <u>Rivera v. Ralph F. Casale & Associates</u>, LLC No. 13-587 (KM), 2014 WL 2571555 (D.N.J. June 9, 2014), <u>Veach v. Sheeks</u>, 316 F.3d 690 (7th Cir. 2003); <u>Schletz v. Academy Collection Service</u>*, 02* C 6484, 2003 WL 21196266 (N.D.Ill., May 15, 2003);

Taylor v. Cavalry Inv., LLC, 210 F.Supp.2d 1001 (N.D.Ill. 2002); Ingram v. Corporate Receivables, Inc., 02 C 6608, 2003 WL 21018650 (N.D.Ill., May 5, 2003); Bernstein v. Howe, IP 02-192-C-K/H, 2003 WL 1702254, 2003 U.S. Dist. LEXIS 5284 (S.D.Ind., March 31, 2003) ($x plus unspecified interest and attorney's fees violated statute); Bawa v. Bowman, Heintz, Boscia & Vician, PC, IP 00-1319-C-M/S, 2001 WL 618966 (S.D.Ind., May 30, 2001); Wilkerson v. Bowman, 200 F.R.D. 605 (N.D.Ill. 2001); Valdez v. Hunt & Henriques, 01-01712 SC, 2002 WL 433595 (N.D.Cal. March 19, 2002); Jackson v. Aman Collection Service, IP 01-0100-C-T/K, 2001 WL 1708829 (S.D.Ind., Dec. 14, 2001); Sonmore v. Checkrite Recovery Services, Inc., 187 F.Supp.2d 1128 (D.Minn. 2001); Dechert v. Cadle Co., IP 01-880-C(B/G), 2003 WL 23008969 (S.D.Ind., Sept. 11, 2003); McDowall v. Leschack & Grodensky, P.C., 279 F.Supp.2d 197 (S.D.N.Y. 2003); Armstrong v. Rose Law Firm, P.S., 00-2287, 2002 WL 461705 (D.Minn. March 25, 2002).

50. Plaintiff was not provided with notice of the amount of the debt owed such that he could effectively dispute the claim because the collection letter did not provide the total amount due as of the date of the letter, including interest and other relevant charges in addition to the principal. Nor was the actual debt provided within a subsequent communication within the statutorily-authorized five-day window. Therefore the letter attached as Exhibit A violates 15 U.S.C. §1692g(a)(1).

51. Similarly, neither Clarfield's initial communication letter that was sent to the putative class members nor in any written communication sent within five days after the Clarfield's initial communication with the putative class members was information

9

provided by Clarfield to the putative class members that contained the amount of the debt as required by 15 U.S.C. §1692g(a)(1).

52. The Defendants violated 15 U.S.C. §1692g by failing to disclosure in the letter attached as <u>Exhibit A</u> or within five days thereafter, the information required by 15 U.S.C. §1692g(a)(1).

53. The Defendants violated 15 U.S.C. §1692e(10) by failing to disclose in the letter attached as <u>Exhibit A</u> or within five days thereafter information required by 15 U.S.C. §1692g and as such used a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54. Clarfield and Ocwen are liable to the Plaintiff pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

55. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

56. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all others persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:
(a) all individuals (b) with a New York address (c) who were sent a letter from Clarfield in the form of <u>Exhibit A</u>, which was not returned as undeliverable, on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of

this action (d) concerning a loan that Ocwen took over servicing of while the loan was in default.

58. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

59. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

> i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the Plaintiff class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendants.
>
> ii. **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the

        Defendants' identical conduct particular to the matter at issue; (b) Defendants' violations of the FDCPA, specifically 15 U.S.C. §1692e and/or 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class he seeks to represent. The claims of the Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of the Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in consumer litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to no vigorously pursue the instant class action lawsuit

      v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

60. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

    1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

2. Adjudging that Clarfield and Ocwen violated 15 U.S.C. §§1692e, 1692e(10), 1692g, and 1692g(a)(1);

3. An award of statutory damages for Henry A. Rojas and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
June 4, 2015

THE PLAINTIFF

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (212) 675-6161
Fax: (212) 675-4367
rlg@lawgmf.com

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By: /s/ Ryan Gentile
_____
Ryan Gentile