
# GreenbergTraurig

Michael A. Weiss
Tel 212.801.9200
Fax 212.805.9486
weissm@gtlaw.com

August 3, 2015

**VIA ECF**

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
110 Federal Plaza
Central Islip, NY 11722

      Re:    Request for Pre-Motion Conference -- *Rojas v. Law Offices of Clarfield, Okon, Salomone & Pincus, P.L., et al.*, Civil Action No. 2:15-cv-03268 (JMA) (SIL)

Dear Judge Azrack:

This firm represents defendant Ocwen Loan Servicing, LLC ("Ocwen") in connection with the above matter.

Ocwen respectfully requests, pursuant to Local Rule 7.1(d) and Section IV(B) of your Rules, that the Court schedule a pre-motion conference to enable Ocwen to serve a motion to dismiss the Complaint in this action filed June 4, 2015 pursuant to Rules 12 and 68 of the Federal Rules of Civil Procedure.

The bases for such motion will include the following:

1. Plaintiff Henry A. Rojas ("Plaintiff") lacks Article III standing because he has no injury, insofar as he cannot allege that he was injured in any way by the purportedly erroneous April 13, 2015 letter sent to him.
2. The supposed misstatement in the April 13, 2015 letter was not material because it could not have influenced Plaintiff's decision or ability to pay or challenge the subject debt.
3. The alleged misstatement in the April 13, 2015 letter was not false, deceptive, or misleading because it did not comprise a statement concerning the enforceability of a debt or intent to continue collection efforts.
4. The April 13, 2015 letter was not made for the purposes of debt collection, but only to provide general information as to the foreclosure of the subject loan.

Hon. Joan M. Azrack
August 3, 2015
Page 2

5. The April 13, 2015 letter was a communication relating to a mortgage foreclosure action, which, as a matter of law, does not constitute debt collection under the Fair Debt Collection Practices Act.
6. As a creditor employing Clarfield, Okon, Salomone & Pincus, P.L. ("Clarfield") as its debt collection agent, Ocwen is not vicariously liable for any liability resulting from Clarfield's sending of the April 13, 2015 letter.
7. The Court should exercise its discretion and enter judgment for $1,501.00, plus attorney fees and costs, in favor of Plaintiff pursuant to a Rule 68, on the basis of an offer of judgment that will be made to the Plaintiff, and thereafter dismiss for subject matter jurisdiction because Plaintiff's claim will be accordingly moot.

Respectfully submitted,

Michael A. Weiss

cc (via ECF):

Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike, Suite 100
Floral Park, NY  11001

*Attorneys for Plaintiff Henry A. Rojas*

Thomas M. Mealiffe
Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, NY  11753

*Attorneys for Defendant Clarfield, Okon, Salomone & Pincus, P.L.*