# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HENRY A. ROJAS, on behalf of himself and all
others similarly situated,

                                    Plaintiffs,

                - v -                                           Civil Action No.: 2:15-cv-03268 (JMA)

LAW OFFICE OF CLARFIELD, OKON,
SALOMONE & PINCUS, P.L. and OCWEN
LOAN SERVICING, LLC,

                                    Defendants.

## SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter the "Settlement
Agreement") is made by and among Plaintiff Henry A. Rojas ("Plaintiff" or "Class
Representative"), in his individual capacity and on behalf of the Class described in this
agreement, and Defendants Clarfield, Okon, Salomone & Pincus P.L. ("COSP") and
Ocwen Loan Servicing, LLC ("Ocwen" and with COSP collectively the "Defendants"),
who collectively shall be the Settling Parties, as more fully defined below. This
Settlement Agreement is intended by the Settling Parties to finally and forever resolve,
discharge and settle on behalf of the entire Class its claims, as for forth herein, upon and
subject to the terms and conditions herein.

I.      The following terms have the following meanings for purposes of this
Settlement Agreement:

        A.      "Action" means this lawsuit, styled *Henry A. Rojas v. The Law
        Office of Clarfield, Okon, Salomone & Pincus, P.L, and Ocwen Loan Servicing,
        LLC*, Civil Action No.: 2:15-cv-03268 (JMA).

1

B.    "Approved Claim" means a claim for Settlement Benefits made by a Class Member through the return of a claim form within (45) days of the completion of Class Notice, to the extent such claim is timely, truthful, complete, and complies in all other respects with this Settlement Agreement.

C.    "Attorneys' Fees" means all court costs and litigation expenses, including attorneys' fees, of whatever nature or type, as may be requested by Class Counsel and awarded by the Court in accordance with the procedures set forth in Paragraph V, below.

D.    "Claimant" means a Class Member who submits an Approved Claim.

E.    "Class" means Persons defined in the following manner: (i) all persons with a New York address (ii) to whom Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. sent a letter referencing the Fair Debt Collection Practices Act ("FDCPA") in substantially the same form as "Exhibit A" to the Complaint in this action; (iii) during a period beginning on June 4, 2014, and ending on January 31, 2016.

F.    "Class Administrator" means the independent settlement administrator chosen by COSP to administer this matter. Neither Plaintiff, nor Class Counsel, nor the Class shall be obligated to pay the Settlement Administrator for its services. First Class Inc, which is located at 5410 W. Roosevelt Rd Suite 222 Chicago, IL 60644, is the company that will act as the Class Administrator.

2

G.     "Class Counsel" means counsel for the Class Representative and the Class Members: Ryan Gentile of the Law Offices of Gus Michael Farinella, Attorney for Plaintiff, 110 Jericho Turnpike, Ste 100, Floral Park, NY 11001.

H.     "Class Member" means a person or entity belonging to the Class.

I.     "Class Notice" means the Mail Notice.

J.     "Class Representative" means Henry A. Rojas.

K.     "Complaint" means the Complaint filed in the United States District Court for the Eastern District of New York, Civil Action No.: 2:15-cv-03268 (JMA), on June 4, 2015.

L.     "Court" means the United States District Court, Eastern District of New York.

M.     "Defendants' Counsel" means Joseph J. Ortego, Nixon Peabody LLP, 437 Madison Avenue, New York, New York 10022, on behalf of defendant COSP; and Patrick Broderick, Greenberg Traurig, P.A., 777 S. Flagler Drive, Suite 300 East, West Palm Beach, FL 33401, on behalf of defendant Ocwen.

N.     "Final Approval" means entry by the Court of a final judgment and order:

1.     Approving the settlement of this Action as provided by this Settlement Agreement (or this Settlement Agreement as further amended by the parties) as fair, reasonable and adequate;

2.     Providing for the implementation of its terms and provisions;

3.      Finding that the distribution of the Mail Notice fully and accurately informs all Class Members entitled to notice of the material elements of the settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice, and complies fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law;

4.      Expressly incorporating the release language in Paragraph XI below;

5.      Retaining exclusive jurisdiction to enforce the terms and provision of this Agreement;

6.      Directing Defendant COSP to file a notice apprising the Court when the Settlement Benefits have been distributed; and

7.      Directing that the action be dismissed with prejudice ten (10) days after the provision of the notice set forth in Paragraph I(N)(6) above, absent a timely motion by either Plaintiff, COSP, or Ocwen.

O.      "Final Hearing Date" means a date to be set by the Court for a hearing on Final Approval, not sooner than 40 days after the deadline for submission of any objections by Class members to the proposed settlement.

P.      "Mail Notice" means the notice providing Class Members with notice of Class Members' rights to opt out or object to the settlement contemplated by this Settlement Agreement, and otherwise containing text substantially in the form of Exhibit 1 to this Settlement Agreement via any form of U.S. Mail.

Q.     "Preliminary Approval" means entry by the Court of an order:

1.     Confirming certification of the Class for purposes of this settlement;

2.     Appointing Plaintiff as adequate representative of the Class for such purposes;

3.     Appointing Class Counsel to represent the Class;

4.     Preliminarily approving the settlement contemplated by this Settlement Agreement, including the dates for Class Members to opt-out or to object;

5.     Enjoining the commencement or prosecution by any Class Member of any claim covered or to be covered by the Settlement Agreement and the settlement it contemplates;

6.     Approving the form of a Notice of Class Action Settlement, in substantially the same form as Exhibit 1 to this Agreement;

7.     Approving distribution of the Class Notice by regular first class mail at the last known address of the Class Members, as the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil; and

8.     Setting a Final Hearing Date.

R.     "Releasee" is defined in Paragraph XI below.

S.     "Settlement Benefits" means the pro rata share of the Settlement Fund shared among the Claimants.

T.     "Settlement Fund" means a notional fund of a maximum amount of $26,911 for payment of Approved Claims that COSP will establish with the Class Administrator. Nothing in this paragraph shall be construed as creating unclaimed property under the laws of New York or any other state. The FDCPA caps a class's recovery at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B)(ii). Based upon the financial statements COSP provided to Class Counsel during discovery and the nature of the claims alleged, the Settlement Fund is the maximum amount of class damages available under the FDCPA.

U.     "Settling Parties" means Plaintiff, individually and on behalf of a class of persons similarly situated (collectively hereinafter "Class Members," as defined above), and Defendants, as defined above.

II.     Plaintiffs are seeking, and Defendants will consent to, the certification of the Class for settlement purposes only.

III.     The parties agree that the Class Notice is the most practicable method of providing notice to Class Members in the circumstances of the settlement contemplated by this Settlement Agreement, and is reasonably calculated to apprise them of the pendency of the Action, of their right to object to or opt out of the settlement contemplated by this Settlement Agreement, or otherwise to avail themselves of the rights created by this Settlement Agreement.  Defendant COSP agrees on this basis that it will bear the costs and expenses of notice and administration of the settlement, including the cost of preparing and mailing Class Notice (to the last known address found in Defendant COSP's records) to Class Members, the costs of preparing or distributing

claim forms, and the cost of administering the settlement (including but not limited to processing claim forms and forwarding benefits to eligible claimants).  Following Preliminary Approval, Defendants will distribute the Class Notice as follows:

      A.      Within ten (10) days of entry of the Preliminary Approval Order, COSP shall provide Class Counsel with a spreadsheet containing the names and last known addresses of the Class Members, according to Defendants' business records.

      B.      Within fifteen (15) days of entry of the Preliminary Approval Order, Defendant COSP will provide a settlement website for further information about the settlement;

      C.      Within thirty (30) days of entry of the Preliminary Approval Order, COSP shall, through the Class Administrator, cause the Mail Notice to be distributed to Class Members using the spreadsheet set forth in Paragraph III(A), above. Prior to sending the Mail Notice, the Class Administrator shall determine who among the Class Members have supplied the U.S. postal Service with a forwarding address, and use any such forwarding address instead of the address found in the spreadsheet set forth in Paragraph III(A), above. Neither the Class Administrator, COSP, Ocwen, nor Plaintiff is required to skip trace any notices that are returned as undeliverable.

IV.      Within 10 days of the preliminary approval hearing held by the Court, COSP and Ocwen will serve or caused to be served the following on the appropriate state and federal authorities:

A.   a copy of the complaint and any materials filed with the complaint and any amended complaints;

B.   notice of any scheduled judicial hearing in the class action;

C.   a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement;

D.   a copy of the Class Notice;

E.   a copy of this Agreement; and

F.   Once granted, any final judgment or notice of dismissal

V.   Class Counsel shall move for attorney's fees of Twenty Three Thousand Dollars ($23,000.00), consisting of (1) reasonable fees for anticipated administration activities of Class Counsel totaling One Thousand Eight Hundred Dollars ($1,800.00), and (2) litigation costs and fees incurred to date in the amount of Twenty One Thousand Two Hundred Dollars ($21,200.00). All amounts in this Section shall only be dispersed to Class Counsel to the extent they are approved by the Court. The award of Attorneys' Fees shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members. Class Counsel will not request additional fees from Defendants or the class members and Defendants will not oppose or cause to be opposed an application in the amount stated. No party, Class Member, or Releasee shall be liable for payment of any Attorneys' Fees except to the extent set forth in this Settlement Agreement and ordered by the Court, regardless of their nature or how they may arise and no amount of Attorneys' Fees claimed by any person or entity in this

8

Action, in connection with this Action, or in connection with the settlement of this Action, may be claimed by any such person or entity in any other action or proceeding. Defendant COSP will pay all Attorneys' Fees as are in fact awarded by the Court, within 30 days after the expiration of all appeal periods, or the completion of any appeals, following entry of an order making such award or Final Approval, whichever is later.

VI. Following Preliminary Approval, only Class Members may object to the Class and the proposed settlement, and only as follows:

A. Any Class Member who wishes to object to the Settlement Agreement or the settlement it contemplates must serve on the Class Administrator, Class Counsel, and Defendants' Counsel, by hand, mail, or courier delivery for receipt by the Class Administrator not later than forty-five (45) days after the date for completion of Class Notice, and file with the Court, a copy of a written notice of objection, together with a copy of any memorandum of law of no more than 20 pages and any evidence upon which the Class Member intends to rely. Any objection must include the name and number of the case, the objector's name, address, telephone number, and signature, and a statement of the reason(s) why the objector believes the Court should find Agreement is not in the best interests of the class.

B. Any Class Member who wishes to appear and object in person or through counsel on the Final Hearing Date must also serve and file at the same time as the filing of the written notice of objection a notice of intent to appear specifically identifying the Class Member or counsel who will speak to such objection.

9

C.      Any objections filed or served late shall be deemed a nullity.  Any Class Member who does not object as provided above shall be deemed to have waived all objections to this Settlement Agreement or the settlement it contemplates.

D.      Plaintiffs and Defendants shall have the right to respond not later than seven days prior to the Final Hearing Date to any timely objection by any Class Member.

VII.    Following Preliminary Approval, any Class Member who wishes to remove himself, herself, or itself from the Class (and thus opt out of the settlement) must serve on the Class Administrator, by hand, mail, or courier delivery for receipt by the Class Administrator not later than forty-five (45) days after the date for completion of Class Notice, a signed and dated written opt out notice stating the Class Member's full name, address, last four digits of his or her social security number, telephone number, and identifying the Class Member's unconditional intention to opt out of the proposed settlement of this Action.  Any Class Member who does not opt out shall be bound by any judgment entered in the Action, whether favorable or unfavorable to such Class Member or the Class.

VIII.   If more than 50 Class Members return a written opt out notice, Defendants shall have the option, in their sole and absolute discretion, to void this Settlement Agreement, within 14 days of receiving notice of the total number of opt-outs, by providing Class Counsel written notice of its intention of doing so. The Settlement Agreement and the underlying settlement shall become void 7 days after the delivery of

such written notification unless, during that period, the parties agree in writing to a mutually acceptable resolution and thereafter, the Court approves such resolution.

IX.    After Final Approval, each Claimant shall be entitled to receive the Settlement Benefits appropriate to such Claimant on the following terms:

A.    Settlement Benefits will be distributed from the Settlement Fund beginning within 45 days after the completion of any appeals, or the lapse of any applicable appeal periods without any appeal, whichever is later, following Final Approval.

B.    Under no circumstances will any Class Member receive more than a single settlement check. Settlement checks to the Class Members shall expire 90 days from the date that they are issued. To the extent that there are any funds from un-cashed, expired settlement checks, said funds will be returned to Defendant COSP.

C.    Defendants may take whatever steps it deems necessary in its sole discretion, including legal action or resort to law enforcement authorities, to prevent Settlement Benefit claims that are fraudulent or not reasonably contemplated by this Settlement Agreement.

X.    After Final Approval, Defendant COSP shall pay $1,000.00 in statutory damages to the Class Representative, by check made payable to "Henry A. Rojas," and sent to Class Counsel within 45 days after the completion of any appeals, or the lapse of any applicable appeal periods without any appeal, whichever is later, following Final Approval.

XI.     Upon Final Approval, all Class Members shall be deemed to have released Defendants, Defendants' present and former parents, affiliates, and subsidiaries, and all past, present, and future officers, directors, employees, agents, partners, members, shareholders, representatives, attorneys, heirs, administrators, executors, and assigns of any of them (collectively, the "Releasees") from any and all causes of action, claims, damages, interest, demands, or equitable, legal, or administrative relief, whether presently known or unknown, whether based on facts in addition to or different from those which they now know or believe to be true (and whether based on federal, state, or local statute or ordinance, regulation, contract, common law, or any other source) that have been, could have been, or could now or later be alleged or asserted against any Releasee arising out of or in any way relating to any claims made or facts alleged in Plaintiff's pleadings.

XII.    Either party may terminate this Settlement Agreement in its entirety at any time and without further obligation if:

        A.      Any court rejects, modifies, or denies approval of any provision of this Settlement Agreement; or

        B.      Any court makes any order purporting to alter or amend any provision of this Settlement Agreement, or purporting to preclude Plaintiff or Defendants, or any of them, from proceeding in whole or in part with the proposed settlement or this Settlement Agreement.

XIII.   In the event of termination of this Settlement Agreement this Settlement Agreement shall be considered null and void and have no force or effect.  No person or entity shall be bound by any of its terms and the rights of all persons or entities with

respect to the claims and defenses asserted in this Action shall be restored to the positions existing immediately prior to execution of this Settlement Agreement.

XIV.   The Settling Parties understand and agree that this Settlement Agreement does not affect the validity of any debt owed by any Class Member to Defendants or their clients and  shall be construed to exclude, and shall not impair or limit, any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendants or their clients, nor impair or limit any right or cause of action by the Class Representatives or the Class Members to dispute the underlying debt or amount owed to Defendants or their clients, including any condominium association, homeowner association or community, nor any effect upon any affirmative defense in the underlying foreclosure action.

XV.   This Settlement Agreement was negotiated at arm's-length between parties of equal bargaining power, and was drafted jointly by Class Counsel and Defendants' Counsel.  The amount of the settlement, as well as the other terms of the Settlement Agreement, reflect a good faith settlement of the Class Members' claims, reached voluntarily after consultation with legal counsel.

XVI.   By entering into this Settlement Agreement, Defendants are not admitting any liability to any Class Member or any other person or entity or waiving any claim, counterclaim, defense, or affirmative defense on behalf of itself or any other Releasee.

XVII.   The failure of any Class Member to receive Notice or any other document as described in this Settlement Agreement shall not be a basis for invalidating the Settlement, this Settlement Agreement, an order entered pursuant thereto, or any of the

exhibits or documents referenced herein, or attached hereto, and the settlement shall nevertheless be binding and the final order effective in accordance with its terms.

XVIII. Neither this Settlement Agreement, nor any of its provisions or exhibits, nor any brief in support of it, nor any of the negotiations or proceedings preceding Final Approval of this settlement, shall be offered or received in evidence in any action or proceeding of any nature, or otherwise referred to or used in any manner in any court or other tribunal, except to enforce or implement the terms of this Settlement Agreement; to support or defend this Settlement Agreement on any appeal from a final order and judgment; or to enforce or assert a claim or defense of *res judicata*, collateral estoppel, claim or issue preclusion, settlement, release, merger and bar, or any similar claim or defense against a Class Member or third party.

XIX. This Settlement Agreement contains the entire agreement and understanding of Plaintiffs, the Class, Class Counsel, Defendants, and Defendants' Counsel with respect to its subject matter.  It supersedes all prior agreements or understandings (whether oral or written), if any, between or among them with respect to such subject matter and may not be altered, amended, or modified except by a written instrument duly executed by Defendants' Counsel and Class Counsel.

XX. Plaintiff, Defendants, Class Counsel, and Defendants' Counsel shall:

A. Jointly submit this Settlement Agreement, along with such other supporting papers as may be appropriate, to the Court for Preliminary Approval.

B. Cooperate fully with one another in seeking timely approval of the settlement contemplated by this Settlement Agreement.

14

C.     Cooperate fully with one another in defending any appeal from the

settlement contemplated by this Settlement Agreement, defending any collateral

attack on such settlement or on its preclusive effect, and prosecuting any appeal

from denial of approval of such settlement, except that Defendants shall have no

obligation to take any position with respect to any attorneys' fees, costs,

disbursements, expert witness fees, or other amounts awarded or not awarded by

the Court.

XXI.   If the Court declines to grant Final Approval to this Settlement Agreement

(or to this Settlement Agreement as subsequently amended by the parties), it will

terminate automatically at the time of entry by the Court of an order unconditionally and

finally denying such Final Approval.

XXII.   Without affecting the finality of any judgment or order upon Final

Approval, the Court shall retain continuing jurisdiction over the Action and the settling

parties, including all members of the Class, for purposes including supervision of the

implementation, enforcement, construction, and interpretation of this Settlement

Agreement and for purposes of hearing and determining any application by Class

Counsel for Attorneys' Fees.  Any dispute or controversy to be presented to the Court

arising out of or with respect to the implementation, enforcement, or interpretation of this

Settlement Agreement shall be presented by written motion.  This Agreement and any

document executed in furtherance of the settlement shall be governed by, subject to, and

construed in accordance with the laws of the State of New York, without regard to

conflicts-of-laws principles.

XXIII. Each of the undersigned represents and warrants that he or she has authority to execute this Settlement Agreement on behalf of the persons or Class he or she purports to represent.  This Settlement Agreement may be executed in counterparts and all the executed counterparts shall together be treated as a whole.  Facsimile signatures shall be deemed equivalent to original signatures for purposes of execution.

XXIV. This Settlement Agreement and the rights and obligations it contains shall be binding upon, and inure to the benefit of, the successors and assigns of the parties to it. The waiver by any person or entity of any breach of this Settlement Agreement by any other person or entity shall not be deemed a waiver of any other prior or subsequent breach and shall not constitute a continuing waiver.

Dated: February 5, 2016

LAW OFFICES OF GUS
MICHAEL FARINELLA

By:   /s/ Ryan Gentile
      Ryan L Gentile
      110 Jericho Turnpike
      Suite 100
      Floral Park, NY 11001
      212-675-6161
      rlg@lawgmf.com
      *Attorneys for Plaintiff*

NIXON PEABODY LLP

By:   /s/ Joseph John Ortego
      Joseph J. Ortego, Esq.
      50 Jericho Quadrangle, Suite 300
      Jericho, New York 11753-2728
      (516) 832-7500
      tmealiffe@nixonpeabody.com
      *Attorneys for Defendant Law Office*
      *of Clarfield, Okon, Salomone &*
      *Pincus, P.L.*

**GREENBERG TRAURIG LLP**

By:   /s/ Patrick Broderick
      Patrick Broderick
      200 Park Avenue
      New York, NY 10166
      212-801-6986
      broderickp@gtlaw.com
      *Attorneys for Defendant Ocwen*
      *Loan Servicing, LLC*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

HENRY A. ROJAS, on behalf of himself and        Civil Action No. 2:15-cv-03268-JMA-SIL
all others similarly situated,

               Plaintiffs,

      v.                               **NOTICE OF CLASS ACTION**
                                      **SETTLEMENT**

LAW OFFICES OF CLARFIELD, OKON,
SALOMONE & PINCUS, P.L. and OCWEN
LOAN SERVICING, LLC,

               Defendants.
-------------------------------------------------------X

**If you received a collection letter from Law Offices of Clarfield, Okon, Salomone & Pincus, P.L., you may benefit from this class action settlement.**

The case is titled Henry A. Rojas v. Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. and Ocwen Loan Servicing, LLC
*E.D.N.Y. Case No.* 2:15-cv-03268-JMA-SIL
*A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.
THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **RETURN A CLAIM FORM BY _____, 2016** | By returning a completed claim form by _____ , **2016** you will remain in the Class and you will be entitled to receive a settlement check from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement but will not receive a share of the settlement fund. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendants. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

1

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................3

   1.  Why did I get this notice? ........................................................3

   2.  What is this lawsuit about? ......................................................4

   3.  Why is this a class action? .......................................................4

   4.  Why is there a settlement? ......................................................4

**WHO IS IN THE SETTLEMENT**................................................................5

   5.  How do I know if I am a part of the settlement? .................................5

**THE SETTLEMENT BENEFITS – WHAT YOU GET**.....................................5

   6.  What can I get from the settlement? ...........................................5

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**......................5

   7.  When would I get payment? .....................................................5

   8.  I want to be a part of the settlement. What do I do? ...........................6

   9.  What am I am giving up if I remain in the settlement? ..........................6

   10. How much will the Class Representative receive? ..............................6

**EXCLUDING YOURSELF FROM THE SETTLEMENT**...................................6

   11. How do I get out of the settlement? ...........................................7

   12. If I don't exclude myself, can I sue COSP or Ocwen for the same thing later? .............7

   13. If I exclude myself, do I still receive benefits from this settlement? .........................7

**THE LAWYERS REPRESENTING YOU**.....................................................7

   14. Do I have a lawyer in this case?.................................................7

   15. How will the lawyers be paid? ..................................................8

**CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT**.............................8

   16. Is this a fair settlement?.........................................................8

   17. What are the Defendants' views of this settlement? ............................8

**OBJECTING TO THE SETTLEMENT**................................................................9

18. How do I tell the Court that I do not like the Settlement? .....................................9

19. What is the different between objecting and excluding?................................................10

**THE FAIRNESS HEARING**....................................................................................10

20. When and where will the Court decide whether to approve the settlement?....................10

21. Do I have to come to the hearing?...............................................................................11

22. May I speak at the hearing?..........................................................................................11

**IF YOU DO NOTHING**............................................................................................11

23. What happens if I do nothing at all?.............................................................................11

**GETTING MORE INFORMATION**........................................................................11

24. Are more details available? .........................................................................................11

PROOF OF CLAIM FORM..........................................................................................13

# BASIC INFORMATION

## 1. Why did I get this notice?

You are receiving this notice because you were identified as a person to whom Defendant, Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. ("COSP") sent a collection letter between June 4, 2014, and ending on January 31, 2016, and it is alleged that the letter listed the unpaid principal balance of the debt owed and did not provide the entire amount of the debt that COSP sought to collect.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, the Class Administrator (referred to in this notice as "Class Administrator") will make the payments that the settlement allows.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge Joan M. Azrack of the United States District Court for the Eastern District of New York is overseeing this class action settlement. The lawsuit is known as *Henry A. Rojas v. Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. and Ocwen Loan Servicing, LLC*, Case No. 2:15-cv-03268-JMA-SIL (E.D.N.Y.).

## 2. What is this lawsuit about?

This lawsuit claims that COSP violated a federal law known as the Fair Debt Collection Practices Act ("FDCPA") by sending consumers initial written collection communications, which made false, deceptive, and misleading representations by listing only the unpaid principal balance of the debt and not providing the entire amount of the debts it sought to collect. The lawsuit alleges that COSP's foregoing misrepresentations violated the FDCPA. The lawsuit alleges that Ocwen Loan Servicing, LLC ("Ocwen") is vicariously liability for COSP's violation of the FDCPA. COSP and Ocwen have denied these allegations.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Henry A. Rojas), sue on behalf of a group (or a "Class") of people who have similar claims regarding the same collection letter used by COSP in an attempt to collect a debt.

All of the persons together are called the "Class" and each person is called a "Class Member." One Court resolves issues for all Class Members, except for those who exclude themselves from the Class. Judge Azrack is in charge of this class action.

Plaintiffs' attorney, Ryan Gentile, Esq. is the Class Counsel in this case and represents all of the Class Members.

## 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Class Counsel and Defendants agreed to the proposed settlement after engaging in: (1) an investigation of the relevant facts and law; (2) pre-trial discovery proceedings, including the inspection of documents regarding COSP's net worth; and (3) numerous telephonic meetings between Class Counsel and Defendants' counsel. Based on the information above, the attorneys for Plaintiffs and Defendants, agreed to a settlement. The Class Representative and Class Counsel think the settlement is best for all Class Members to avoid the cost, risk, and delay of litigation.

4

# WHO IS IN THE SETTELMENT

### 5. How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> (i) all persons with a New York address (ii) to whom Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. sent a letter referencing the Fair Debt Collection Practices Act ("FDCPA") in substantially the same form as "Exhibit A" to the Complaint in this action; (iii) during a period beginning on June 4, 2014, and ending on January 31, 2016.

COSP estimates that, based on its electronic records, there are approximately 610 people in the Class. According to COSP's records, you are a Class Member.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What can I get from the settlement?

If you postmark and return a claim form by _____, **2016** to **First Class, Inc**. you will be entitled to a *pro rata* share of the Settlement Fund. The Settlement Fund will be $26,911.00. If all 610 Class Members return a claim form, which is unlikely, each claimant will receive about $44.11. No Class Member is eligible to receive more than one check for their share of the Settlement Fund.

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 7. When would I get payment?

The Court will hold a fairness hearing on _____. If Judge Azrack approves the settlement after the fairness hearing, there may be appeals. Please be patient. Once the settlement is approved and any objections and appeals are resolved, the settlement amounts will be paid.

The Class Members will not begin receiving any payments on their awards until after the settlement is approved. The first payment will not be issued until the settlement is approved and all appeals have been decided. You will receive these benefits approximately 45-60 days after that time. This estimation is premised on the assumption that no objections are received.

## 8. I want to be a part of the settlement. What do I do?

To qualify for payment, you must send in a claim form. A claim form is attached to this Notice. Read the instructions carefully, fill out the form, include all information the form asks for, sign it, and mail it postmarked no later than _____. Mail the claim form postmarked to:

> First Class, Inc. / J13096 - Rojas
> 5410 W. Roosevelt Road, Suite 222
> Chicago, IL 60644-1490

The law prohibits Defendants from retaliating against you for participating in the Settlement. If any disputes arise about whether you qualify for a settlement payment or the amount of your payment, Class Counsel will attempt to address such disputes with the Defendants' attorneys. Any unresolved disputes will be submitted to the Court for a determination.

## 9. What am I giving up if I remain in the settlement?

By staying in the Class, all of the Court's orders will apply to you, and you give COSP and Ocwen a "release." A release means you cannot sue or be part of any other lawsuit against COSP and Ocwen about the claims or issues in this lawsuit with respect to the initial collection letter at issue in the Complaint. This means that, unless you exclude yourself, you can't sue COSP or Ocwen under the FDCPA for any claim arising from the initial collection letter sent by COSP to you. Under this settlement, you release those claims from June 4, 2014 through January 31, 2016. The Settlement Agreement contains the complete terms of this release. In addition, unless you exclude yourself, all of the Court's orders will apply to you and legally bind you.

## 10. How much will the Class Representative receive?

The Plaintiff, Henry A. Rojas, will receive a payment of $1,000.00 for his individual statutory damages under the FDCPA. This payment is subject to the Court's Approval.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue COSP or Ocwen on your own about the legal issues in this case, then you must take steps to get out of this settlement. This is called excluding yourself – or is sometimes referred to as opting out of the settlement Class.

## 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by hand, mail, or courier delivery stating that you want to be excluded from *Henry A. Rojas v. Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. and Ocwen Loan Servicing, LLC E.D.N.Y. Case No. 2:15-cv-03268-JMA-SIL*. Be sure to include your full name, address, last four digits of your social security number, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than _____, 2016,** to the following parties:

> First Class, Inc. / J13096 - Rojas
> 5410 W. Roosevelt Road, Suite 222
> Chicago, IL 60644-1490

## 12. If I don't exclude myself, can I sue COSP or Ocwen for the same thing later?

No. Unless you exclude yourself, you give up any right to sue COSP or Ocwen (and any related entities or persons) for the claims this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your lawsuit. Remember, the exclusion deadline is _____.

## 13. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement, but you will have the right to sue COSP and Ocwen over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

The Court has decided that Ryan Gentile, Esq., of the Law Offices of Gus Michael Farinella, PC, is qualified to be Class Counsel, which means that he represents you and all Class Members. Mr. Gentile's address is 110 Jericho Turnpike, Suite 100 Floral Park, NY 11001. Mr. Gentile can be contacted at (212) 675-6161 or at rlg@lawgmf.com. You will not be charged for these lawyers; however, they will receive a payment from COSP and Ocwen in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one

7

at your own expense. If you choose to hire your own lawyer, he or she must file an appearance
by _____, **2016**.


## 15. How will the lawyers be paid?

COSP and Ocwen agree to pay Plaintiff's reasonable attorneys' fees, costs, and expenses in an
amount to be determined or approved by the Court. The award is in addition to, and shall in no
manner reduce, the amount of benefits due the Class. Class Counsel intends to file an application
for attorneys' fees, costs, and expenses through Final Judgment. The attorneys' fees and costs
will be paid by COSP and Ocwen and will not be taken out of the Class Settlement Fund.

# CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

## 16. Is this a fair settlement?

Class Counsel believes this settlement is fair. The claim asserted on behalf of the Class against
COSP and Ocwen is under the FDCPA. The FDCPA is a federal statute which provides for both
individual actions and class actions. In an individual action, the person bringing the lawsuit may
recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00.
Plaintiff's complaint does not allege any actual damages. In a class action, the maximum
possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of
1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award
anything up to the maximum amount to a prevailing party. In either an individual or class action,
the person bringing the lawsuit may also recover attorneys' fees and the expenses of prosecuting
the lawsuit, if the lawsuit is successful.

In this case, the Class recovery of $26,911.00 is the maximum amount of statutory damages that
could be recovered under the FDCPA if a class were successfully certified in this case and
Plaintiff prevailed on the merits a trial and on appeal. The $26,911.00 will be divided between
those of the approximately 610 Class members who submit a timely claim form.

## 17. What are the Defendants' views of this settlement?

COSP denies that its collection letter violates the FDCPA. COSP desires to settle the claims of
the Class to avoid the expense, burden, and uncertainty of further litigation and to put to rest all
claims related to its collection letter that is the subject of this lawsuit.

Ocwen denies that COSP's collection letter violated the FDCPA. Ocwen also denies that it is
vicariously liable for COSP's alleged violation of the FDCPA. Ocwen desires to settle the claims
of the Class to avoid the expense, burden, and uncertainty of further litigation and to put to rest
all claims related to its collection letter that is the subject of this lawsuit.

8

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

## 18. How do I tell the Court that I do not like the Settlement?

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief of no more than 20 pages) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Henry A. Rojas v. Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. and Ocwen Loan Servicing, LLC E.D.N.Y. Case No. 2:15-cv-03268-JMA-SIL*, your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 20). You must mail your objection so that it is postmarked no later than _____, **2016** to:

> Clerk of the Court
> United States District Court for the Eastern District of New York
> 100 Federal Plaza
> Central Islip, New York 11722

You must also send a copy of your objection to:

Class Counsel:
**Ryan Gentile, Esq.**
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Telephone: (212) 675-6161
Facsimile: (212) 675-4367
E-Mail: rlg@lawgmf.com

*-- AND --*

COSP's Counsel:
**Joseph J. Ortego**
Nixon Peabody
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753
Telephone: (516) 832-7500
Facsimile: (866) 947-2079
E-Mail: jortego@nixonpeabody.com

- AND -

Ocwen's Counsel:
**Patrick Broderick**
Greenberg Traurig LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-801-6986
Facsimile: 212-801-6400
E-Mail: broderickp@gtlaw.com

## 19. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can only formally object if you stay in the Class.

Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, the settlement in this case no longer affects you. However, even if you decide to exclude yourself from the settlement, you may still submit objections to the Court, which may help the Court determine whether the settlement is fair for the rest of the Class Members.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

## 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a fairness hearing on _____, 2016 at _____ __.m. in the courtroom of the Honorable Joan M. Azrack , United States District Court, 100 Federal Plaza, Courtroom 920 Central Islip, New York 11722. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. After the hearing, the Court will decide whether to approve the settlement. We do not know how long this will take.
The date and time of the fairness hearing may be changed by the Court. If you wish to be informed of any such changes, you must contact Class Counsel.

## 21. Do I have to come to the hearing?

No. Class Counsel will answer questions that Judge Azrack may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.

# IF YOU DO NOTHING

## 23. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. Also, unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against COSP or Ocwen regarding the legal claims in this case, ever again.

# GETTING MORE INFORMATION

## 24. Are more details available?

This notice summarizes the proposed settlement for the Class Members. More details are available in the Settlement Agreement. You can request a copy of the complete Settlement Agreement by contacting Class Counsel, Ryan Gentile, at (212) 675-6161 or at rlg@lawgmf.com. You may also obtain information about this action and settlement by referring to the court papers filed in this action, which may be inspected at the Office of the Clerk of the Court, United States District Court for the Eastern District, 100 Federal Plaza Central Islip, New York during regular business hours. Court documents are also available through https://www.pacer.gov/.

Additionally you may go http://rojasvcospclassaction.com or www.RojasvCOSPClassAction.com which provides further information regarding this settlement.

**<u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE</u>**

**<u>LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.</u>**

<u>They are not permitted to answer your questions.</u>

**DATE: _____, 2016**

## PROOF OF CLAIM FORM

**RE:** *Henry A. Rojas v. Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. and Ocwen Loan Servicing, LLC E.D.N.Y. Case No. 2:15-cv-03268-JMA-SIL,*

**I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.
IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE
_____, 2016 AND MAILED TO THE FOLLOWING ADDRESS:**

First Class, Inc. / J13096 - Rojas
5410 W. Roosevelt Road, Suite 222
Chicago, IL 60644-1490

### PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:

**NAME:** _____

**LAST FOUR DIGITS OF
SOCIAL SECURITY NUMBER:** \_\_\_\_\_-\_\_\_\_\_-\_\_\_\_\_-_____

**MAILING ADDRESS:** _____

_____

**IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:**

_____

_____

**SIGNATURE:** _____

13

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HENRY A. ROJAS, on behalf of himself          : Civil Action No. 2:15-cv-03268-JMA-SIL
and all others similarly situated,                      :
                                                                     :
                                                                     :
                    Plaintiffs,                                 :
                                                                     :          **[PROPOSED]**
                    v.                                            :          **PRELIMINARY APPROVAL**
                                                                     :          **ORDER**
LAW OFFICES OF CLARFIELD, OKON,       :
SALOMONE & PINCUS, P.L. and              :
OCWEN LOAN SERVICING, LLC,              :
                                                                     :
                    Defendants.                             :
-------------------------------------------------------X

The Court, having considered the Settling Parties' motion for preliminary

approval (the "Motion"), hereby grants preliminary approval of the Class Action

Settlement Agreement ("Settlement Agreement") between Plaintiff, Henry A. Rojas

("Plaintiff"), individually, and as representative of the class of persons defined below

("Class"), Defendant, Law Offices of Clarfield, Okon, Salomone & Pincus, P.L.

("COSP"), and Defendant Ocwen Loan Servicing, LLC ("Ocwen").

**WHEREFORE**, with respect to certifying this action as a class action for

settlement purposes the Court finds:

A.      The Class is so numerous that joinder of all members is impracticable;

B.      There are questions of law and fact common to the proposed Class;

C.      The individual claims of Plaintiff are typical of the claims of the Class;

D.      Plaintiff is an appropriate and adequate representative for the Class;

E.      The questions of law and fact common to the Class predominate over any

         questions affecting only individual members;

1

F.      A class action is superior to other methods for fairly and efficiently

        settling the Action;

G.      With respect to the appointment of Class Counsel under Fed.

        R. Civ. P. 23(g), the Court finds, after consideration of the factors

        described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Ryan Gentile,

        Esq., will fairly and adequately represent the interests of the Class;

H.      With respect to the proposed Settlement Agreement, after consideration of

        the Settlement Agreement attached as **Exhibit A** to the Motion, the Court

        makes the preliminary finding, subject to a final hearing, that the proposed

        settlement is fair, reasonable, and adequate;

I.       and the Court being duly advised in the premises,

IT IS HEREBY ORDERED:

1.      Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a

class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P.

23(c)(1)(B):

      (a) defines the settlement "Class" as:

           (i) all persons with a New York address (ii) to whom Law Offices of
          Clarfield, Okon, Salomone & Pincus, P.L. sent a letter referencing the Fair
          Debt Collection Practices Act ("FDCPA") in substantially the same form
          as "Exhibit A" to the Complaint in this action; (iii) during a period
          beginning on June 4, 2014, and ending on January 31, 2016.

      (b) defines the "Class Claims" as those claims arising from COSP's collection

letter attached as **Exhibit A** to Plaintiff's complaint in this action [Doc. 1],

wherein COSP sent consumers written collection communications, which

allegedly made false, deceptive, and misleading representations by failing to

provide the total amount of the debt that the consumers allegedly owed, and

which violates 15 U.S.C. §§1692e(10) and 1692g(a)(1);

(c) appoints Plaintiff as the Class Representative; and

(d) appoints Plaintiff's counsel, Ryan Gentile, Esq., of the Law Offices of Gus

Michael Farinella, PC as Class Counsel.

2. The Court approves the Settling Parties' proposed Class Notice and directs that

it be mailed to the last known address of the Class Members as shown in COSP's

business records. COSP, through the Class Administrator, will cause the Class Notice to

be mailed to Class Members on or before _____, 2016.

Prior to sending the Class Notice, the Class Administrator shall determine who among the

Class Members have supplied the U.S. postal Service with a forwarding address, and use

any such forwarding address instead of the address found in COSP's business records.

Neither the Class Administrator, COSP, Ocwen, nor Plaintiff is required to skip trace any

Class Notices that are returned as undeliverable.

3. The Court finds that mailing of the Class Notice is the only notice required and

that such notice satisfies the requirements of due process pursuant to the Federal Rules of

Civil Procedure, including Rule 23, the United States Constitution, and any other

applicable law.

4. Class Members shall have until _____, 2016, (45 days

after the deadline to mail the Class Notice, as specified above in Paragraph 2) to exclude

themselves from or object to the proposed settlement. Any Class Member desiring to

exclude themselves from the Action must serve copies of the request on the Class

Administrator by that date. Any Class Member who wishes to object to the settlement

3

must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on Counsel for Plaintiff, COSP, and Ocwen by that date. Any objection must include the name and number of the case, the objector's name, address, telephone number, and signature, and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. To be effective, the request for exclusion or objection must be postmarked by _____, 2016 (45 days after the deadline to mail the Class Notice, as specified above in Paragraph 2)

    5. In order to receive a portion of the cash payment under the Settlement Agreement, a Class Member must complete, return to the Class Administrator, and postmark a claim form by _____, 2016 (45 days after the deadline to mail the Class Notice, as specified above in Paragraph 2). The claim form will be sent with the Class Notice.

    6. Within 10 days of the preliminary approval hearing held by this Court, COSP and Ocwen shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

    7. Any Class Member is hereby enjoined from commencing or prosecuting any claim covered or to be covered by the Settlement Agreement and the settlement it contemplates.

    8. A final hearing on the fairness and reasonableness of the Settlement Agreement and whether final approval shall be given to it and the requests for fees and expenses by

Class Counsel will be held on _____, 2016, at

_____ __.m.

IT IS SO ORDERED:

_____

HONORABLE JOAN M. AZRACK
United States District Court

Dated: