UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HENRY A. ROJAS, on behalf of himself : Civil Action No. 2:15-cv-03268-JMA-SIL
and all others similarly situated, :
 :
Plaintiffs, :
 : ~~[PROPOSED]~~
v. : PRELIMINARY APPROVAL
 : ORDER
LAW OFFICES OF CLARFIELD, OKON, :
SALOMONE & PINCUS, P.L. and :
OCWEN LOAN SERVICING, LLC, :
 :
Defendants. :
-------------------------------------------------------X

The Court, having considered the Settling Parties' motion for preliminary approval (the "Motion"), hereby grants preliminary approval of the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff, Henry A. Rojas ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), Defendant, Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. ("COSP"), and Defendant Ocwen Loan Servicing, LLC ("Ocwen").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

    A.    The Class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law and fact common to the proposed Class;

    C.    The individual claims of Plaintiff are typical of the claims of the Class;

    D.    Plaintiff is an appropriate and adequate representative for the Class;

    E.    The questions of law and fact common to the Class predominate over any questions affecting only individual members;

F.  A class action is superior to other methods for fairly and efficiently settling the Action;

G.  With respect to the appointment of Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Ryan Gentile, Esq., will fairly and adequately represent the interests of the Class;

H.  With respect to the proposed Settlement Agreement, after consideration of the Settlement Agreement attached as **Exhibit A** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.  and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED:**

1.  Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

(a) defines the settlement "Class" as:

> (i) all persons with a New York address (ii) to whom Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. sent a letter referencing the Fair Debt Collection Practices Act ("FDCPA") in substantially the same form as "Exhibit A" to the Complaint in this action; (iii) during a period beginning on June 4, 2014, and ending on January 31, 2016.

(b) defines the "Class Claims" as those claims arising from COSP's collection letter attached as **Exhibit A** to Plaintiff's complaint in this action [Doc. 1], wherein COSP sent consumers written collection communications, which allegedly made false, deceptive, and misleading representations by failing to

provide the total amount of the debt that the consumers allegedly owed, and which violates 15 U.S.C. §§1692e(10) and 1692g(a)(1);

(c) appoints Plaintiff as the Class Representative; and

(d) appoints Plaintiff's counsel, Ryan Gentile, Esq., of the Law Offices of Gus Michael Farinella, PC as Class Counsel.

2. The Court approves the Settling Parties' proposed Class Notice and directs that it be mailed to the last known address of the Class Members as shown in COSP's business records. COSP, through the Class Administrator, will cause the Class Notice to be mailed to Class Members on or before __10/31/2016__, 2016. Prior to sending the Class Notice, the Class Administrator shall determine who among the Class Members have supplied the U.S. postal Service with a forwarding address, and use any such forwarding address instead of the address found in COSP's business records. Neither the Class Administrator, COSP, Ocwen, nor Plaintiff is required to skip trace any Class Notices that are returned as undeliverable.

3. The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Class Members shall have until __12/15/2016__, 2016, (45 days after the deadline to mail the Class Notice, as specified above in Paragraph 2) to exclude themselves from or object to the proposed settlement. Any Class Member desiring to exclude themselves from the Action must serve copies of the request on the Class Administrator by that date. Any Class Member who wishes to object to the settlement

must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on Counsel for Plaintiff, COSP, and Ocwen by that date. Any objection must include the name and number of the case, the objector's name, address, telephone number, and signature, and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. To be effective, the request for exclusion or objection must be postmarked by _12/15/2016_, 2016 (45 days after the deadline to mail the Class Notice, as specified above in Paragraph 2)

5. In order to receive a portion of the cash payment under the Settlement Agreement, a Class Member must complete, return to the Class Administrator, and postmark a claim form by _12/15/2016_, 2016 (45 days after the deadline to mail the Class Notice, as specified above in Paragraph 2). The claim form will be sent with the Class Notice.

6. Within 10 days of ~~the preliminary approval hearing held by this Court~~ this Order, COSP and Ocwen shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

7. Any Class Member is hereby enjoined from commencing or prosecuting any claim covered or to be covered by the Settlement Agreement and the settlement it contemplates.

8. A final hearing on the fairness and reasonableness of the Settlement Agreement and whether final approval shall be given to it and the requests for fees and expenses by

Class Counsel will be held on January 18, 2017 at 1:00 PM in the Central Islip Courthouse, Courtroom 920, 100 Federal Plaza, Central Islip, New York. The parties' motion for final approval shall be filed by January 9, 2017.

9. Class Counsel shall his motion for attorney's fees by October 31, 2016. If any supplemental filing regarding attorney's fees is necessary, Class Counsel can submit such filing to the Court prior to the final fairness hearing.

**SO ORDERED.**

Date: September 30, 2016
Central Islip, New York

/s/ (JMA)
Joan M. Azrack
United States District Judge