UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HENRY A. ROJAS, on behalf of himself : Civil Action No. 2:15-cv-03268-JMA-SIL
and all others similarly situated,
                         Plaintiffs,                 [PROPOSED]
                                                       FINAL APPROVAL ORDER
            v.

LAW OFFICES OF CLARFIELD, OKON,
SALOMONE & PINCUS, P.L. and
OCWEN LOAN SERVICING, LLC,

                        Defendants.
-------------------------------------------------------X

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, HENRY A. ROJAS ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendants, LAW OFFICES OF CLARFIELD, OKON, SOLOMONE & PINCUS, P.L. ("COSP"), and, OCWEN LOAN SERVICING, LLC, ("Ocwen"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and both Defendants COSP and Ocwen.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

    (i) all persons with a New York address (ii) to whom Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. sent a letter referencing the Fair Debt Collection Practices Act ("FDCPA") in substantially the same form as "Exhibit A" to the Complaint in this action; (iii) during a period beginning on June 4, 2014, and ending on January 31, 2016.

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and

included whether or not COSP violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* by sending consumers initial written collection communications, which made false, deceptive, and misleading representations by failing to provide the amount of the consumer's debt that was allegedly owed; (C) the claim of Plaintiff is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorney, Ryan Gentile, Esq., is hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to six hundred and five (605) Settlement Class members by First Class, Inc., the third-party Class Administrator. A total of eighty-nine (89) envelopes were returned by the United States Postal Service with no forwarding address or further information provided by the U.S. Postal Service. One (1) notice was returned by the U.S. Postal Service with a new address and remailed. No Settlement Class members requested exclusion from, or objected to, the settlement. A total of sixty-six (66) Settlement Class members timely returned a valid claim form and are entitled to a share of the monetary benefits of the settlement. Five (5) Settlement Class members returned valid claim forms either after the December 15, 2016 deadline or without a postmark, which the Court will also accept, thereby entitling them to a share of the monetary benefits of the settlement. A total of three (3) Settlement Class members returned a timely but defective claim form and were re-mailed the defective claim form by Class Counsel on January 3, 2017. Class counsel included specific instructions to each of the three Class Member on how to cure the defect in their claim form and further

instructed each of the three class members to re-mail their cured claim form to Class Counsel so as to be received by Class Counsel's office prior to the Fairness Hearing. Class Counsel also provided the three (3) Settlement Class members with a self-addressed stamped envelope to return their cured claim form in. Of the three Settlement Class members, 0 (zero) timely returned a cured claim form to Class Counsel, prior to the date of this Order. ~~Fairness Hearing, which the Court will accept, thereby entitling them to a share of the monetary benefits of the settlement.~~ The total number of Settlement Class members who returned claim forms that were accepted by this Court and are thereby entitled to share in the monetary benefits of the settlement is 71.

5. On January 18, 2017, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. As noted, none of the Settlement Class members have sought exclusion from, or objected to, the settlement. And, no Class Members appeared at the fairness hearing.

6. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by COSP. Upon the Effective Date, as that term is defined in the Agreement, COSP shall make the following payments:

(a) COSP will create a notional fund of $26,911.00 ("Settlement Fund"), which the Class Administrator will distribute pro rata among the Class Members who did not exclude themselves and who returned an Approved Claim ("Claimants"). Claimants will receive a pro rata share of the Settlement Fund by check. Checks issued to Claimants will be void ninety (90) days from the date of issuance. If any portion of the Settlement Fund remains after the void date on the Claimants' checks, these remaining funds will be returned to COSP.

3

(b) COSP shall pay $1,000.00 to Plaintiff for his statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B)(i).

(c) COSP shall pay Law Offices of Gus Michael Farinella, PC, $23,000.00 for their attorneys' fees and costs incurred in the action. Law Offices of Gus Michael Farinella, PC shall not request additional fees or costs from COSP or Ocwen or the Settlement Class members.

8. The Parties grant the following releases:

   a. The Plaintiff and each member of the Settlement Class who did not exclude themselves from the Agreement releases Defendants, Defendants' present and former parents, affiliates, and subsidiaries, and all past, present, and future officers, directors, employees, agents, partners, members, shareholders, representatives, attorneys, heirs, administrators, executors, and assigns of any of them (collectively, the "Releasees") from any and all causes of action, claims, damages, interest, demands, or equitable, legal, or administrative relief, whether presently known or unknown, whether based on facts in addition to or different from those which they now know or believe to be true (and whether based on federal, state, or local statute or ordinance, regulation, contract, common law, or any other source) that have been, could have been, or could now or later be alleged or asserted against any Releasee arising out of or in any way relating to any claims made or facts alleged in Plaintiff's pleadings.

   b. The release does not affect the validity of any debt owed by any Class Member to Defendants or their clients and shall be construed to exclude, and shall not impair or limit, any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendants or their clients. The release shall not impair or limit any right or cause of action by the Class Representatives or the Class Members to dispute the underlying debt or amount owed to Defendants or their clients, including any condominium association, homeowner association or community, nor shall this release have any effect upon any affirmative defense(s) claimed by the Class Representative or any Class Member in any underlying foreclosure action.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**SO ORDERED.**

Date: May 25, 2017
Central Islip, New York

/s/ (JMA)

Joan M. Azrack
United States District Judge